EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN RAMOS CRUZ, conocido por "EL CONGO", acusado y apelante.

Núm. 10702.—*Sometido:* Enero 17, 1945. *Resuelto:* Enero 19, 1945.

*Lionel Fernández Méndez, Juan A. Faría, Juan G. Soto y F. Hernández Vargas,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué convicto de un delito de asesinato en segundo grado y condenado a la pena de veinte años de presidio. Los tres señalamientos en que basa su recurso serán considerados brevemente.

En el primero se alega que la corte inferior erró al no decretar la suspensión de la vista, solicitada por el acusado.

La acusación fué leída al acusado el día 24 de marzo, 1944. Habiendo comparecido el acusado sin abogado, la corte le designó uno para que le asistiera en el acto del *arraignment,* advirtiéndole de su derecho a designar otro abogado si deseaba hacerlo. Le advirtió, además, que no debía solicitar suspensiones que no estuvieran bien fundadas, pues no le serían concedidas.

En mayo 1 de 1944 se señaló la vista del caso para el 29 del mismo mes, con aviso al acusado, y a su abogado. En mayo 17 el Licenciado Samuel R. Quiñones, abogado del acusado, radicó una moción solicitando la suspensión de la vista. Dicha moción fué declarada sin lugar, pero por un error se notificó al abogado que la suspensión había sido concedida. El error fué subsanado el 24 de mayo de 1944 y en esa misma fecha el Licenciado Quiñones renunció la representación del acusado. Encomendó éste su defensa a los abogados Fernández García y Fernández Méndez. El 25 de mayo, el Licenciado Faría, miembro de dicho bufete, solicitó la suspensión de la vista alegando que uno de los socios estaba enfermo y el otro ausente y que él, Faría, que era el único disponible, habría de estar en Mayagüez durante los días 26 y 27 de mayo participando como fiscal especial en una vista ante la Comisión de la Policía Insular; y que por esas circunstancias, el tiempo de que podía disponer era insuficiente para preparar la defensa del acusado. El día 29 de mayo al ser llamado el caso, el abogado defensor solicitó de nuevo la suspensión de la vista, negándose la corte a concederla.

Sostiene el apelante que la resolución denegatoria de la suspensión de la vista privó al acusado de su derecho constitucional a estar asistido de abogado, toda vez que éste no tuvo tiempo suficiente para preparar su defensa.

Esta Corte Suprema ha sostenido en varias de sus decisiones el derecho que tiene todo acusado a que después de haberle sido leída la acusación y hecho su alegación de inocencia se le conceda un período de tiempo suficiente para

preparar su defensa. En el caso de autos, el acusado hizo su alegación el 30 de marzo de 1944 y la vista fué señalada para el día 29 de mayo del mismo año. Tuvo, pues, el acusado un período de dos meses para preparar su defensa; y cinco días desde que el Licenciado Quiñones renunció su representación hasta la fecha del juicio.

Opinamos que en el presente caso la corte inferior no abusó de su discreción al declarar sin lugar la moción de suspensión. Más aún, el error, si alguno se hubiere cometido, en nada pudo perjudicar al acusado. Éste estuvo representado durante todo el juicio por el Licenciado Faría y por dos abogados más, quienes intervinieron en la vista desde su comienzo. La transcripción de la evidencia, que hemos examinado cuidadosamente, nos ha convencido de que el acusado estuvo hábil y competentemente defendido.

En el segundo señalamiento se queja el apelante de la resolución de la corte al excusar a un jurado. Veamos lo ocurrido, según consta en el récord.

Durante el sorteo de los jurados que habían de conocer de la causa, el Secretario llamó al jurado Pedro Rodríguez Medina, de Río Piedras, quien ya había visitado al juez en su despacho para pedirle le excusara de servir como jurado ese día, alegando que él era comerciante, que sus dos empleados estaban enfermos y que para poder venir a la corte había tenido que dejar en su establecimiento a un hermano suyo que no sabía nada del negocio. Se opuso la defensa y la corte excusó al jurado, después de haber éste insistido en que se le excusara.

El artículo 189 del Código de Enjuiciamiento Criminal confiere a las cortes de distrito la facultad discrecional necesaria para excusar a una persona que ha sido citada para servir como jurado. Esa excusa no debe desde luego ser concedida por un motivo leve o trivial o por evitar al jurado la mera molestia de tener que dejar su negocio. En el caso de autos, la corte inferior hizo buen uso de su discreción al

excusar al jurado. La causa alegada por éste era justa y suficiente. Además, el acusado no tiene derecho a ser juzgado por un jurado determinado.

Al dictar su resolución denegando la moción de suspensión, formulada al ser llamado el caso y antes de que se procediese a sortear el jurado, la corte se expresó así:

"Se radicó otra moción de suspensión y la corte la denegó y ahora deniega la reconsideración solicitada *y añade más que el acusado tiene la culpa de lo que pueda ocurrirle en este caso, debido a su negligencia y a su apatía.*" (Bastardillas nuestras).

Alega el apelante que las palabras que hemos puesto en itálicas tendieron a desacreditar o prejuiciar al acusado con el jurado.

Del récord aparece claramente, que en el momento en que el juez pronunció las palabras transcritas el jurado no había sido llamado ni se había dado comienzo al sorteo. Convenimos con el apelante en que no era necesario que el juez expresara su opinión en cuanto a las actuaciones del acusado en relación con el nombramiento de abogado defensor, pero, como dijimos en el caso de *El Pueblo* v. *Busigó,* 63 D.P.R., 1006, 1010, "ese incidente era tan extraño al juicio por asesinato que iba a ventilarse, que no vemos cómo podía el jurado ser por ello influído en su veredicto." Nada encontramos en el récord que demuestre que el jurado no cumplió con su deber de dar un veredicto de acuerdo con la evidencia. Y siendo ésta ampliamente suficiente para justificar el rendido en este caso, *la sentencia recurrida debe ser confirmada.*